**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NOAH WINSTEAD, | |
| Petitioner | CIVIL ACTION NO. 3:24-CV-01842 |
| v. | (MEHALCHICK, J.) |
| J. RIVELLO, | |
| Respondent. | |

**MEMORANDUM**

Noah Winstead, incarcerated at SCI-Huntingdon in Huntingdon, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which challenges the denial of his parole by the Pennsylvania Board of Probation and Parole (the "Board"). (Doc. 1). For the following reasons, the Court will deny the petition.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

In 2009, Winstead pled guilty to three counts of burglary and one count of attempted burglary in the Court of Common Pleas of Lycoming County and received an aggregate sentence of 7 to 17 years' incarceration. (Doc. 10-2). He was initially paroled on August 22, 2015. Following new criminal charges, he was temporarily recommitted on July 24, 2016, for technical violations. (Doc. 10-5). On April 13, 2018, he was recommitted based on criminal convictions for trespassing, theft, and giving false identification to a law enforcement officer. He received a maximum date of March 10, 2027, which was later amended to November 4, 2026. (Doc. 10-6, Doc. 10-7). Between June 7, 2019, and August 21, 2024, the Board considered Winstead for parole and denied him on six occasions.

In its August 21, 2024, decision, the Board cited the following factors to deny Winstead parole: his "need to participate in and complete additional institutional programs"; his risk and needs assessment indicating his level of risk to the community; his prior unsuccessful supervision history; his "failure to demonstrate motivation for success"; his "minimization/denial of the nature and circumstances of the offense(s) committed"; and his failure develop a parole release plan. The decision also listed factors that the Board would consider at a future review, including any participation in a treatment program for violence prevention, the DOC's recommendation, and his conduct record. (Doc. 10-13).

## II.    DISCUSSION

### A. EXHAUSTION AND PROCEDURAL DEFAULT

The respondent contends that the Court cannot consider Winstead's petition because he has not exhausted state court remedies. Despite some district court case law to the contrary, a habeas petitioner challenging the denial of parole on constitutional grounds is not required to exhaust state court remedies before pursuing federal habeas review. *See DeFoy v. McCullough*, 393 F.3d 439, 445 (3d Cir. 2005), *cert. denied*, 545 U.S. 1149 (2005) (finding that exhaustion applies only to parole denial claims alleging a violation of the Ex Post Facto Clause); *Shoop v. Pennsylvania Bd. of Parole*, No. 1:25-CV-00943, 2025 WL 2178422, at *7-8 (M.D. Pa. July 31, 2025) (summarizing case law and concluding that "the Court must continue to follow *DeFoy*"). Winstead asserts a constitutional challenge premised on the denial of parole for "arbitrary, egregious, and capricious" reasons, which the Court construes as an alleged violation of his due process rights. Therefore, he did not need to petition the Commonwealth Court of Pennsylvania before filing this habeas petition.

B. MERITS

It is well-settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," nor has the Commonwealth of Pennsylvania created such a right. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Burkett v. Love*, 89 F.3d 135, 139 (3d Cir. 1996) (recognizing the general principle that the Pennsylvania parole statute does not create a liberty interest in the right to be paroled); *Coady v. Vaughn*, 770 A.2d 287, 289 (Pa. 2001) ("It is undisputed that [an inmate] does not have a clear legal right to the grant of parole, nor does the board have a corresponding duty to grant the same.").

Pennsylvania law grants the Board vast discretion to refuse or deny parole, *see* 61 Pa.C.S. § 6137, and Pennsylvania courts have affirmed the Board's complete discretion to parole a convict. *See, e.g.*, *Reider v. Commw. Pa. Bd. of Prob. & Parole*, 514 A.2d 967, 971 (Pa. Cmwlth. Ct. 1986). The parole statute indicates that the Board "shall consider": the nature and circumstances of the offense; any recommendations made by the trial judge and prosecuting attorney; the general character and background of the inmate; the notes of testimony of the sentencing hearing, if any, together with such additional information regarding the nature and circumstances of the offense committed for which sentence was imposed; and the conduct of the person while in prison along with his physical, mental and behavioral condition and history and his complete criminal record. *See* 61 Pa. C.S. § 6135(a).

Based on Winstead's allegations of "arbitrary, egregious, and capricious" denials of parole, the Court construes him to contend that the Board's actions violated his due process

3

rights.[1] In such a case, a federal court's role is limited to reviewing the decision to determine whether the Board exercised its authority in an arbitrary and capricious or constitutionally impermissible manner. *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980). Stated simply, the Court must evaluate whether the Board abused its discretion. In order to show a violation of substantive due process rights, the petitioner must demonstrate that: (1) he was arbitrarily denied parole on the basis of impermissible reasons such as race, religion, or political beliefs; or (2) the Board failed to apply appropriate, rational criteria in reaching its determination. *Block*, 631 F.2d at 236. "[F]ederal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." *Coady*, 251 F.3d at 487. The "relevant level of arbitrariness required to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious, which we have termed at times 'conscience shocking' or 'deliberately indifferent.'" *Hunterson v. DiSabato*, 308 F.3d 236, 247 (3d Cir. 2002) (citation omitted).

In this case, Winstead primarily challenges the Board's August 21, 2024, decision, but he also objects that the Board "keep[s] using the same reasons" for denying parole.[2] In brief, he argues that the Board's factual findings about his motivation and risk to the community

---

[1] Winstead describes his parole denials as violating his Eighth Amendment right to be free from cruel and unusual punishment. *See* (Doc. 1 at 8). However, the Eighth Amendment does not require that a prisoner "be released before the expiration of a valid prison term." *Urruita v. PA Atty. Gen.*, No. 4:13-CV-0577, 2014 WL 6982993, at *5 (M.D. Pa. Dec. 9, 2014) (citing *Greenholtz*, 442 U.S. at 7).

[2] Winstead was scheduled for another parole review while this petition was pending, but the parties have not addressed that review. Although such a review would likely render this petition moot, *see, e.g., Alex v. Gavin*, No. 1:14-CV-0261, 2015 WL 8012825, at *3 (M.D. Pa. Dec. 7, 2015), this petition is resolved on the merits.

4

are wrong because he has admitted guilt and remorse; that there is "no factual [proof]" of his prior supervision issues; that he has "completed all [of his] programs"; and that the finding that he failed to present a parole release plan is a "lie." *See* (Doc. 1 at 8-9). Although Winstead disputes the Board's conclusions, he does not argue that the procedures of his reviews were improper or that the Board considered any "impermissible" factor. *See Block*, 631 F.2d at 236.

For the reasons described above, Winstead's disagreement with the Board regarding the extent of his rehabilitation is not a basis for habeas corpus relief. Further, the fact that the Board has cited some of the same reasons for denying him parole over time is not evidence that those reasons are arbitrary or irrational. *See*, *e.g.*, *Floyd v. Pennsylvania Bd. of Prob. & Parole,* No. 20-CV-5610, 2021 WL 2905573, at *3 (E.D. Pa. Apr. 2, 2021). Winstead claims that various findings by the Board are "lies" or unsupported by evidence, but he presents no evidence of his own to support these allegations or to suggest that the Board's contrary conclusions were arbitrary. Rather, his petition consists of conclusory, inconsistent allegations that appear to reflexively dispute every factual finding by the Board. For example, he claims that he is not at risk to the community because has been "rehabilitated by the Department of Corrections . . . at SCI-Huntingdon," but simultaneously claims that his prior supervision history must be disregarded because "[t]hey have no rehabilitation or help in order for me to change." *See* (Doc. 1 at 8-9). Ultimately, he has not presented evidence of arbitrary, irrational, or "conscience shocking" considerations by the Board that would entitle him to habeas relief. *See Hunterson,* 308 F.3d at 247.

III.   **CONCLUSION**

For the foregoing reasons, the Court will deny the petition for writ of habeas corpus. An appeal may not be taken in a proceeding under 28 U.S.C. § 2254 unless "the applicant has

made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Because reasonable jurists would not disagree with the Court's denial of Winstead's petition, a certificate of appealability will not issue. An appropriate order follows.

Dated: March 25, 2026                    *s/ Karoline Mehalchick*
                                         **KAROLINE MEHALCHICK**
                                         **United States District Judge**